UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RALPH LEAVITT**, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 1**,<br><br>                  Defendant. | Case No. 4:24-cv-01148<br><br>Judge Henry Edward Autrey |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

I.  Introduction ........................................................................................................................... 1

II.  Background ........................................................................................................................... 1

III.  The Settlement ...................................................................................................................... 2

    A.  The Settlement Class ................................................................................................. 2

    B.  Settlement Benefits .................................................................................................... 3

    C.  Settlement Administration & Notice. ........................................................................ 3

    D.  Opt-Outs & Objections .............................................................................................. 4

    E.  Attorney Fees & Service Award ................................................................................ 5

IV.  Legal Standard ...................................................................................................................... 5

V.  Argument .............................................................................................................................. 6

    A.  The Settlement Class satisfies Rule 23(a) and Rule 23(b)(3). ................................... 7

    B.  Preliminary approval is appropriate under Rule 23(e). .............................................. 9

        1.  Class Counsel and the Plaintiff provided adequate representation. ............. 10

        2.  The Settlement was negotiated at arm's length. .......................................... 10

        3.  The Settlement provides adequate relief. .................................................... 11

        4.  The Settlement treats Class Members equitably. ........................................ 12

    C.  Preliminary approval is appropriate under the *In re Wireless* factors. .................. 13

        1.  The merits weighed against the Settlement. ................................................ 13

        2.  Defendant's financial condition. ................................................................... 13

        3.  The complexity and expense of further litigation. ....................................... 14

        4.  The amount of opposition to the Settlement. ............................................... 14

    D.  The Court should approve the proposed Notice Program ....................................... 14

    E.  The Court should appoint the proposed Class Counsel. ......................................... 15

VI.  Conclusion .......................................................................................................................... 15

**I.   INTRODUCTION**

Plaintiff Ralph Leavitt ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully requests that the Court grant preliminary approval of the proposed class action settlement between Plaintiff and Defendant International Brotherhood of Electrical Workers Local No. 1 ("Defendant" or "IBEW"). This case arises out of a data incident (the "Data Incident") on March 31, 2024, where cybercriminals allegedly accessed and stole the sensitive personal information of IBEW's current and former members. After approximately five months of arm's-length negotiations, Plaintiff and IBEW reached the Settlement Agreement (the "Settlement" or "S.A.") attached hereto as **Exhibit 1**. As explained below, the Settlement satisfies the preliminary approval standard—and is likely to be approved as fair, reasonable, and adequate.

The Settlement provides timely and excellent benefits to the Settlement Class—including a non-reversionary Settlement Fund of $315,000 from which Settlement Class Members can claim up to $10,000 for Unreimbursed Economic Losses, two years of three-bureau Credit Monitoring through CyEx, and a *Pro Rata* Cash Payment (estimated to exceed $50.00 per valid claimant). The Settlement Fund will also pay for attorney fees, a Service Award, and Notice and Administrative Expenses. Also, IBEW will pay for data security improvements separate and apart from the Settlement Fund. Simply put, the Settlement provides the exact relief sought by the lawsuit.

**II.   BACKGROUND**

Defendant IBEW is a labor union based in St. Louis, Missouri. Doc. 1 ("Compl."), ¶12. Plaintiff alleged that an unauthorized actor acquired copies of certain files stored on IBEW's servers on March 31, 2024 (i.e., the "Data Incident"). *See* Settlement Agreement ("S.A.") ¶1. The Data Incident allegedly exposed personally identifiable information ("PII") of IBEW's current and former members. *Id*. The types of PII exposed allegedly included names and Social Security

1

numbers. *Id*. Plaintiff Ralph Leavitt is a retired electrician and former member of IBEW. Compl. ¶35. On August 22, 2024, Plaintiff, individually and on behalf of a putative class, filed a class action complaint against IBEW in this Court. S.A. ¶2. Therein, Plaintiff brought claims for negligence, negligence *per se*, breach of implied contract, invasion of privacy, unjust enrichment, breach of fiduciary duty, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and declaratory judgment. *Id*.

Recognizing the benefits of timely resolution, the Parties began discussing the possibility of a class-wide settlement. *See* Declaration of Cassandra P. Miller in Support of Plaintiff's Motion for Preliminary Approval, ¶2. Then, on December 16, 2024, the Parties jointly moved the Court to stay proceedings and deadlines pending a mediation session on February 21, 2025, with Rodney A. Max of Upchurch Watson White & Max. S.A. ¶3. Over the following weeks, the Parties continued to engage in hard-fought negotiations—wherein the Parties exchanged documents, evaluated and discussed the relevant facts and law, and carefully weighed the risks and uncertainties of continued litigation. *Id*. ¶4. After several weeks of negotiations, the Parties eventually succeeded in reaching an agreement on the core terms of the Settlement on January 20, 2025. *Id*. ¶4.

### III. THE SETTLEMENT

#### A. The Settlement Class

The Settlement Class is defined as "All individuals residing in the United States whose PII may have been compromised in the Data Incident that impacted IBEW in March 2024, including all those individuals who received notice of the Data Incident." S.A. ¶46. IBEW estimates that the Settlement Class includes approximately 16,060 individuals. *Id*.

2

### B. Settlement Benefits

The Settlement provides substantial and timely relief to the Settlement Class—including a non-reversionary common fund of $315,000.00 (the "Settlement Fund"). *Id*. ¶¶4, 49. The Settlement Fund will pay for various forms of relief. *Id*. ¶ 59. **First**, Settlement Class Members can receive up to $10,000.00 per person for "Unreimbursed Economic Losses" arising from the Data Incident (e.g., monetary losses from fraud or identity theft). *Id*. ¶61. **Second**, Settlement Class Members can receive a "*Pro Rata* Cash Payment" estimated to exceed $50.00 per valid claimant. *Id*. Notably, Settlement Class Members can obtain both compensation for Unreimbursed Economic Losses and the *Pro Rata* Cash Payment. *Id*. **Third**, Settlement Class Members can receive two-years of three-bureau Credit Monitoring through CyEx. *Id*. **Fourth**, the Settlement Fund will pay for Notice and Administrative Expenses, a Service Award, and any Attorney Fees and Costs. *Id*. ¶59. **Fifth**, under the Settlement, IBEW must invest in stronger data security measures—critically, IBEW will pay for these improvements separate and apart from the Settlement Fund. *Id*. ¶75.

### C. Settlement Administration & Notice.

The Parties recommend that the Court appoint Simpluris as the Settlement Administrator. *Id*. ¶45. Under the Settlement Agreement, Simpluris will provide direct notice to the Settlement Class pursuant to the "Notice Plan." *Id*. ¶76. First, within fourteen (14) days after the entry of the Preliminary Approval Order, IBEW will provide a list of Settlement Class Members and their mailing addresses to Simpluris. S.A. ¶76 Then, Simpluris will run the mailing addresses through the USPS National Change of Address database (i.e., to ensure that notice is provided to the correct addresses). *Id*. Thereafter, within forty-five (45) days after the entry of the Preliminary Approval Order, Simpluris will send notice via U.S. mail (the "Notice Deadline"). *Id*. Specifically, Simpluris will mail the "Short Form Notice" which is attached as Ex. A to the Settlement Agreement. *Id*.

3

Critically, Simpluris will take further steps to ensure that notice is provided to the Settlement Class. *Id*. For one, if a Short Form Notice is returned as undeliverable, Simpluris will perform "skip tracing" to obtain an updated mailing address. *Id*. Thereafter, Simpluris will re-send the Notices within seven (7) days of receiving the updated address. *Id*. Moreover, Class Counsel may direct Simpluris to send reminder notices—which will be sent sixty (60) days after the Notice Deadline. *Id*. Simply put, the Notice Plan satisfies due process and aligns with the notice plans approved by courts in analogous data breach cases. Miller Decl. ¶3.

### D. Opt-Outs & Objections

Settlement Class Members can "opt-out" (a.k.a. "exclude themselves") from the Settlement by mailing a request for exclusion to the Settlement Administrator. *Id*. ¶78. Notably, the Notices will explain how to opt-out of the Settlement. *Id*. To be valid, a request for exclusion must be postmarked no later than the Opt-Out Deadline—which the Parties recommend to be sixty (60) days after the Notice Deadline. *Id*. ¶34. Also, requests for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" (or a comparable statement). *Id*. ¶78.

Additionally, Settlement Class Members can "object" to the Settlement by submitting a written objection. *Id*. ¶79. To be valid, an objection must be postmarked and/or filed with the Court and sent to the Settlement Administrator no later than the Objections Deadline—which the Parties recommend to be sixty (60) days after the Notice Deadline. *Id*. ¶33. Also, objections must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) the specific grounds for the objection, as well as any documents supporting the objection and whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any

4

attorneys representing the objector; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or their attorney. *Id*. ¶79.

### E.  Attorney Fees & Service Award

Pursuant to the Settlement Agreement, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed 33.33% of the Settlement (i.e., $105,000.00) and litigation expenses up to $10,000.00. *Id*. ¶94. Also, Class Counsel will request a Service Award for the Settlement Class Representative not to exceed $5,000.00 in recognition of his contributions and dedication to the Settlement Class. *Id*. ¶92.

## IV.   LEGAL STANDARD

The "long-standing policy favoring settlements . . . is especially applicable to class action litigation[.]" *Stoneridge Inv. Partners LLC v. Charter Communs., Inc*., No. 4:02-CV-1186, 2005 U.S. Dist. LEXIS 14772, at *14 (E.D. Mo. June 30, 2005); *see also*. *Schoenbaum v. E.I. Dupont De Nemours & Co*., No. 4:05CV01108, 2009 U.S. Dist. LEXIS 114080, at *12 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."). Under Federal Rule of Civil Procedure 23(e), "class action settlements must be approved by the court before they become effective." *Schoenbaum*, 2009 U.S. Dist. LEXIS 114080, at *12. Approval is proper when "the proposed agreement is 'fair, reasonable, and adequate.'" *Id.* at *13 (quoting Fed. R. Civ. P.

5

23(e)(2)). "As a practical matter, evaluation of a settlement usually proceeds in two stages[.]" *Id*. (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004)).

*First*, at the preliminary approval stage, "the court makes preliminary determinations with respect to the fairness of the settlement terms, approves the means of notice to class members, and sets the date for that final hearing." *Id*. Here, courts must "find[] it likely that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied." *Wiley v. RugsUSA, LLC*, No. 6:23-cv-03250, 2024 U.S. Dist. LEXIS 77053, at *2 (W.D. Mo. Mar. 7, 2024). When assessing the fairness, reasonableness, and adequacy of the settlement, courts must consider the four factors provided by Rule 23(e)(2). *Id*. at *2–9. And in the Eighth Circuit, courts must also consider the four *In re Wireless* factors[1] when evaluating fairness, reasonableness, and adequacy. *Baker v. City of Florissant*, No. 4:16-CV-1693, 2024 U.S. Dist. LEXIS 2769, at *4 (E.D. Mo. Jan. 2, 2024)

*Second*, at the final approval stage, the court conducts a "fairness hearing" wherein the court finally determines whether or not "the proposed agreement is 'fair, reasonable, and adequate.'" *Schoenbaum*, 2009 U.S. Dist. LEXIS 114080, at *12 (quoting Fed. R. Civ. P. 23(e)(2)).

## V. ARGUMENT

Preliminary approval is proper under Rule 23(a), Rule 23(b)(3), the Rule 23(e)(2) analysis, and the traditional *In re Wireless* factors. Miller Decl. ¶4. As explained below, the Settlement is procedurally and substantively fair, reasonable, and adequate. *Id*. ¶5. Notably, courts in the Eighth Circuit readily grant preliminary approval—and even final approval—of analogous data breach class action settlements. *See, e.g., Spearman v. Nelnet Servicing, LLC*, No. 4:22-CV-3191, 2025 U.S. Dist. LEXIS 61181, at *3 (D. Neb. Mar. 31, 2025) (granting preliminary approval of a data

---

[1] The *In re Wireless* factors are also called the "*Van Horn* factors" and the "*Grunin* factors." *See In re Wireless*, 396 F.3d at 932 (citing *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) and *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

6

breach settlement); *Weisenberger v. Ameritas Mut. Holding Co.*, No. 4:21-CV-3156, 2024 U.S. Dist. LEXIS 73986, at *1 (D. Neb. Apr. 23, 2024) (same); *Lutz v. Electromed, Inc.*, No. 21-cv-2198, 2023 U.S. Dist. LEXIS 115564, at *1 (D. Minn. July 6, 2023) (granting final approval of a data breach settlement). Here too, the Court should grant preliminary approval.

> A. **The Settlement Class satisfies Rule 23(a) and Rule 23(b)(3).**

The Settlement Class satisfies Rule 23(a) which requires numerosity, commonality, typicality, and adequacy. *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *11–13. Additionally, the Settlement Class satisfies Rule 23(b)(3) which requires predominance and superiority *Id*. *13–14.

*Numerosity*. The Settlement satisfies numerosity because there are 16,060 Settlement Class Members. S.A. ¶46. Thus, numerosity is satisfied because "forty class members is generally sufficient." *Schoenbaum*, 2009 U.S. Dist. LEXIS 114080, at *22. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at *2 (finding numerosity satisfied in a data breach class action settlement).

*Commonality*. The Settlement satisfies commonality because "there are questions of law or fact common to the class." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *11. Notably, commonality "is typically not difficult for class action plaintiffs to meet[.]" *Schoenbaum*, 2009 U.S. Dist. LEXIS 114080, at *22–23. Here, for purposes of settlement, there are numerous questions common to the Settlement Class including "if IBEW had a duty to use reasonable care" and "if IBEW failed to implement and maintain reasonable security procedures" and "if the Data Incident inflicted cognizable injuries." Miller Decl. ¶6. Thus, commonality is satisfied. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at *2 (finding commonality satisfied in a data breach class action settlement).

*Typicality*. The Settlement satisfies typicality because "the class representative's claims or

7

defenses [are] 'typical of the claims or defenses of the class.'" *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *11. Typicality "is fairly easily met, and factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims.'" *Id*. at *11–12 (cleaned up). Here, "the claims and defenses of Plaintiff and the Settlement Class all arise from the same event (i.e., the Data Incident)." Miller Decl. ¶7. Thus, typicality is satisfied. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at *2 (finding typicality satisfied in a data breach class action settlement).

***Adequacy***. The Settlement satisfies adequacy because "1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously; and 2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *12 (quoting *Holt*, 2020 U.S. Dist. LEXIS 260295, at *11). Thus, in *Wiley*, adequacy was satisfied when "Class Counsel are experienced litigators" and "Plaintiffs and Class Counsel have worked competently[.]" *Id*. Here, adequacy is satisfied because "Class Counsel has significant experience in data privacy litigation and is currently litigating dozens of data breach cases in courts around the country on behalf of millions of victims." Miller Decl. ¶8. Additionally, "Plaintiff Ralph Leavitt was an adequate class representative because he provided facts for the complaint, reviewed the complaint for accuracy, met with Class Counsel to answer numerous questions, provided information to assist in negotiations, and remained available throughout the entire litigation and settlement process." *Id.* ¶9. Thus, adequacy is satisfied. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at *2 (finding adequacy satisfied in a data breach class action).

***Predominance***. The Settlement satisfies predominance because "common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-

8

defeating, individual issues." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at \*13 (quoting *Holt*, 2020 U.S. Dist. LEXIS 260295, at \*11–12). This requirement is "relaxed in the settlement context." *Id*. Here, "questions of law or fact common to the Settlement Class predominate—including whether IBEW owed duties, breached its duties, proximately caused the Data Incident, and inflicted cognizable injuries." Miller Decl. ¶10. Thus, predominance is satisfied. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at \*3 (finding predominance satisfied in a data breach class action settlement).

*Superiority*. The Settlement satisfies superiority because the "individual claims are small and . . . virtually identical[.]" *Wiley*, 2024 U.S. Dist. LEXIS 77053, at \*13–14. Likewise, "the individual claims of the Settlement Class Members are small and similar." Miller Decl. ¶11. Moreover, individual adjudication for the 16,060 Settlement Class Members would be impracticable. *Id*. ¶12. Thus, superiority is satisfied. *See also Weisenberger*, 2024 U.S. Dist. LEXIS 73986, at \*3 (finding superiority satisfied in a data breach class action settlement).

### B.    Preliminary approval is appropriate under Rule 23(e).

Preliminary approval is appropriate under Rule 23(e). Miller Decl. ¶13. Under Rule 23(e)(2), courts must consider the following factors: "whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). As explained below, the Settlement satisfies these factors.

9

### 1. Class Counsel and the Plaintiff provided adequate representation.

The Rule 23(e)(2)(A) factor supports preliminary approval because Class Counsel and the Plaintiff provided adequate representation. Miller Decl. ¶14. This factor focuses on "whether (1) the class representatives have common interests with members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *3 (quoting *Cleveland v. Whirlpool Corp.*, No. 20-cv-1906, 2022 U.S. Dist. LEXIS 111091, at *13 (D. Minn. June 23, 2022)). For example, in *Wiley*, this factor supported approval when "Class Counsel are accomplished litigators with significant experience in class action litigation . . . and negotiated a meaningful settlement" and "Plaintiffs actively participated in this litigation, and aided Class Counsel in vigorously representing the Class's interests." *Id*. As detailed above, both Class Counsel and Plaintiff Ralph Leavitt provided adequate representation. Miller Decl. ¶¶8–9. Thus, this factor supports approval.

### 2. The Settlement was negotiated at arm's length.

The Rule 23(e)(2)(B) factor supports preliminary approval because the Settlement was negotiated at arm's length. Miller Decl. ¶15. In *Wiley*, this factor supported approval when the parties engaged in "significant evaluation of the strength of the case and [the] potential defenses" and "exchanged substantial informal discovery" and "did not negotiate attorneys' fees, costs, and incentive awards to the [p]laintiffs until after they finished negotiating the benefits owed to the [c]lass[.]" 2024 U.S. Dist. LEXIS 77053, at *5. Likewise, "the Parties negotiated the Settlement only after exchanging informal discovery which enabled them to evaluate the strengths and weaknesses of the claims and defenses." Miller Decl. ¶16. And "the negotiations were professional but were fundamentally adversarial wherein both Parties advocated their positions for approximately five months." *Id*. ¶17. Moreover, "the Parties agreed to not negotiate attorney fees

10

or the service award until after the core terms of the Settlement were agreed upon." *Id*. ¶18. Thus, this factor supports preliminary approval.

### 3.  The Settlement provides adequate relief.

The Rule 23(e)(2)(C) factor supports preliminary approval because the Settlement provides adequate relief.[2] Miller Decl. ¶19. As explained below, this factor includes four separate subfactors for the court to "tak[e] into account." Rule 23(e)(2)(C). Here, three of these subfactors support preliminary approval (and one subfactor is neutral).

***First***, the Settlement is adequate "taking into account . . . the costs, risks, and delay of trial and appeal[.]" Rule 23(e)(2)(C)(i). After all, "in data breach cases like this, plaintiffs face serious risks prevailing on the merits, including proving causation, as well as risks at class certification and at trial, and surviving appeal." Miller Decl. ¶20. Thus, "a settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation." *Id*. ¶21.

***Second***, the Settlement is adequate "taking into account . . . the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims[.]" Rule 23(e)(2)(C)(ii). Here, the relief is tailored to the specific injuries that Settlement Class Members incurred (i.e., compensation for Unreimbursed Economic Losses, the *Pro Rata* Cash Payment, and two-years of three-bureau Credit Monitoring through CyEx). S.A. ¶61. Such tailored relief is "effective and aligns with the relief provided by analogous data breach class action settlements." Miller Decl. ¶22; *see also Wiley*, 2024 U.S. Dist. LEXIS 77053, at *7-8

---

[2] The relief provided by the Settlement compares favorably to analogous data breach cases—indeed, in *Beasley v. TTEC Servs. Corp.*, the court held that "a recovery of approximately $12.63 per class member . . . exceed[ed] the monetary benefits in many other data breach cases." No. 22-cv-00097, 2023 U.S. Dist. LEXIS 81211, at *23 (D. Colo. May 9, 2023).

11

(stating that "the Settlement provides for a streamlined method of distributing relief . . . if they so choose, Class Members can easily file a claim for a cash benefit").

*Third*, the Settlement is adequate "taking into account . . . the terms of any proposed award of attorney's fees[.]" Rule 23(e)(2)(C)(iii). Here, Class Counsel will request 33.33% of the Settlement Fund which is reasonable—especially because "Class Counsel undertook this case on a wholly contingent basis which posed the substantial risk of zero recovery." Miller Decl. ¶23.

*Fourth*, Rule 23(e)(2)(C)(iv) is neutral toward preliminary approval because there is no agreement that requires identification. Miller Decl. ¶24; *see also Wiley*, 2024 U.S. Dist. LEXIS 77053, at *8 (noting that "there are no agreements that need to be identified").

### 4. The Settlement treats Class Members equitably.

The Rule 23(e)(2)(D) factor supports preliminary approval because the Settlement treats Class Members equitably. Miller Decl. ¶25. For example, in *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, the court granted preliminary approval of a data breach settlement that provided compensation for out-of-pocket losses or an alternative cash payment. No. 18-cv-8472, 2022 U.S. Dist. LEXIS 102805, at *28 (S.D.N.Y. June 8, 2022). Therein, the court held that "[t]he plan of allocation compensates members of the class equitably relative to each other." *Id*. Likewise, this Settlement treats Class Members equitably—after all, the Settlement provides compensation for Unreimbursed Economic Losses and the *Pro Rata* Cash Payment. Miller Decl. ¶26. Finally, the service award of $5,000 is appropriate under Eighth Circuit precedent. *Levine Hat Co. v. Innate Intel., LLC*, No. 4:16-cv-01132, 2022 U.S. Dist. LEXIS 254347, at *3 (E.D. Mo. May 11, 2022) (approving a $5,000 service award). Thus, this factor supports preliminary approval.

### C. Preliminary approval is appropriate under the *In re Wireless* factors.

In the Eighth Circuit, courts apply the four *In re Wireless* factors when evaluating the fairness, reasonableness, and adequacy of a class settlement. *Baker*, 2024 U.S. Dist. LEXIS 2769, at *4 (*citing In re Wireless*, 396 F.3d at 932). The four factors are: "(1) the merits of the plaintiffs' case weighed against the terms of the settlement; (2) the defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *9. As explained below, all four factors support approval.

#### 1. The merits weighed against the Settlement.

The first *In re Wireless* factor is "the merits of the plaintiffs' case weighed against the terms of the settlement[.]" *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *9. For example, in *Wiley*, this factor supported approval because "continued litigation would present substantial risk, expense, and delay, and Class Counsel has negotiated a significant settlement[.]" *Id.* Similarly, "continued litigation would present substantial risk because establishing causation and liability is difficult in data breach class actions." Miller Decl. ¶27; *see also In re Onix Grp., LLC Data Breach Litig.*, No. 23-2288, 2024 U.S. Dist. LEXIS 225686, *27 (E.D. Pa. Dec. 13, 2024) ("[T]here is a risk of establishing liability, and in turn, damages, because this case involves a number of open questions, including whether Defendant owed a duty to the class to safeguard sensitive information, whether Defendant breached that duty . . . whether Defendant's conduct was the proximate cause[.]"). Thus, this factor supports preliminary approval.

#### 2. Defendant's financial condition.

The second *In re Wireless* factor is "defendants' financial condition[.]" *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *9. For example, in *Wiley*, this factor supported approval when "Defendant has agreed to, and has represented to Class Counsel that it can, pay for the Settlement[.]"*Id.*

13

Likewise, IBEW can pay—and has agreed to pay—for the relief provided by the Settlement. Miller Decl. ¶28. Thus, this factor supports preliminary approval.

### 3. The complexity and expense of further litigation.

The third *In re Wireless* factor is "the complexity and expense of further litigation[.]" *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *9. For example, in *Wiley*, this factor supported approval because "continued litigation would present substantial risk, expense, and delay, and Class Counsel has negotiated a significant settlement[.]" *Id.* Similarly, "data breach litigation is complex and largely undeveloped[.]" *In re Canon United States Data Breach Litig.*, No. 20-CV-6239, 2024 U.S. Dist. LEXIS 138499, *30 (E.D.N.Y. Aug. 5, 2024). Indeed, "no data breach class action has reached the trial stage[.]" *Id*. Thus, this factor supports preliminary approval.

### 4. The amount of opposition to the Settlement.

The fourth *In re Wireless* factor supports preliminary approval because Class Counsel is not aware of any opposition. Miller Decl. ¶29. Moreover, the Settlement Class will have ample opportunity to submit their objections (if any). S.A. ¶79. Thus, this factor supports approval.

### D. The Court should approve the proposed Notice Program.

Rule 23 and due process require that "Class Members receive notice of the settlement and an opportunity to be heard and participate in the litigation." *Wiley*, 2024 U.S. Dist. LEXIS 77053, at *14. Notices "must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Id*. at *14–15. Thus, in *Wiley*, the court approved the notice program because "the notice contains all of the necessary information required to inform Class Members of their rights under the Settlement, and also directs them to the Settlement Website[.]" *Id*. Here, the proposed Notice Program satisfies Rule 23 and due process. Miller Decl. ¶30. For one, "[n]otice shall be disseminated via U.S. mail

14

to all Settlement Class Members[.]" S.A. ¶76. Moreover, both the Short Form Notice (Postcard) and Long Form Notice provide all the information required by Fed. R. Civ. P. 23(c)(2)(B). *See* Ex. B, D. Thus, the Court should approve the proposed Notice Program.

### E. The Court should appoint the proposed Class Counsel.

Under Rule 23(g), courts must appoint Class Counsel with the "ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). As evidenced by the robust Settlement, the proposed Class Counsel has provided—and will continue to provide— adequate representation to the Settlement Class. Miller Decl. ¶31. Thus, the Court should appoint Cassandra Miller of Strauss Borrelli PLLC as Class Counsel. *See also Wiley*, 2024 U.S. Dist. LEXIS 77053, at *14 (appointing class counsel under Rule 23(g)).

## VI. CONCLUSION

Plaintiff respectfully moves this Court for entry of an Order: (1) granting preliminary approval of the Settlement; (2) approving the Notice Program; (3) appointing Simpluris as Settlement Administrator; (4) preliminarily certifying the Settlement Class for settlement purposes only; (5) appointing Ralph Leavitt as Class Representative; (6) appointing Cassandra Miller of Strauss Borrelli PLLC as Settlement Class Counsel; (7) approving the form and content of the Short Form Notice (Ex. A), Long Form Notice (Ex. B), and Claim Form (Ex. C), all attached to the Settlement, respectively; and (8) scheduling a Final Fairness Hearing to consider entry of a final order approving the Settlement, final certification of the Settlement Class for settlement purposes only, and the request for attorneys' fees, costs, and expenses, and service award.

Dated: May 9, 2025    By: /s/ Cassandra Miller
                         Cassandra Miller (*pro hac vice*)
                         STRAUSS BORRELLI PLLC
                         One Magnificent Mile
                         980 N Michigan Avenue, Suite 1610
                         Chicago IL, 60611
                         Telephone: (872) 263-1100
                         Facsimile: (872) 263-1109
                         cmiller@straussborrelli.com

                         *Attorneys for Plaintiff and the Settlement Class*

16

## CERTIFICATE OF SERVICE

I, Cassandra Miller, hereby certify that on May 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 9th day of May, 2025.

        STRAUSS BORRELLI PLLC

By: */s/ Cassandra Miller*
    Cassandra Miller (*pro hac vice*)
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    cmiller@straussborrelli.com