UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RALPH LEAVITT**, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 1**,<br><br>                    Defendant. | Case No. 4:24-cv-01148<br><br>Judge Henry Edward Autrey |

**DECLARATION OF CASSANDRA P. MILLER IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
<u>OF CLASS ACTION SETTLEMENT</u>**

      1.      I am counsel for Plaintiff Ralph Leavitt in the above-captioned case. This declaration supports Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

      2.      Recognizing the benefits of timely resolution, the Parties began discussing the possibility of a class-wide settlement.

      3.      The Notice Plan satisfies due process and aligns with the notice plans approved by courts in analogous data breach cases.

4. Preliminary approval is proper under Rule 23(a), Rule 23(b)(3), the Rule 23(e)(2) analysis, and the traditional *In re Wireless* factors.

5. The Settlement is procedurally and substantively fair, reasonable, and adequate.

6. Here, there are numerous questions common to the Settlement Class including if IBEW had a duty to use reasonable care and if IBEW failed to implement and maintain reasonable security procedures and if the Data Incident inflicted cognizable injuries.

7. Here, the claims and defenses of Plaintiff and the Settlement Class all arise from the same event (i.e., the Data Incident).

8. Class Counsel has significant experience in data privacy litigation and is currently litigating dozens of data breach cases in courts around the country on behalf of millions of victims.

9. Plaintiff Ralph Leavitt was an adequate class representative because he provided facts for the complaint, reviewed the complaint for accuracy, met with Class Counsel to answer numerous questions, provided information to assist in negotiations, and remained available throughout the entire litigation and settlement process.

10. Here, questions of law or fact common to the Settlement Class predominate—including whether IBEW owed duties, breached its duties, proximately caused the Data Incident, and inflicted cognizable injuries.

11. Here, the individual claims of the Settlement Class Members are small and similar.

12. Moreover, individual adjudication for the 16,060 Settlement Class Members would be impracticable.

13. Preliminary approval is appropriate under Rule 23(e).

14. The Rule 23(e)(2)(A) factor supports preliminary approval because Class Counsel and the Plaintiff provided adequate representation.

15. The Rule 23(e)(2)(B) factor supports preliminary approval because the Settlement was negotiated at arm's length.

16. Here, the Parties negotiated the Settlement only after exchanging informal discovery which enabled them to evaluate the strengths and weaknesses of the claims and defenses.

17. And the negotiations were professional but were fundamentally adversarial wherein both Parties advocated their positions for approximately five months.

18. Moreover, the Parties agreed to not negotiate attorney fees or the service award until after the core terms of the Settlement were agreed upon.

19. The Rule 23(e)(2)(C) factor supports preliminary approval because the Settlement provides adequate relief.

20. After all, in data breach cases like this, plaintiffs face serious risks prevailing on the merits, including proving causation, as well as risks at class certification and at trial, and surviving appeal.

21. Thus, a settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation.

22. The Settlement provided tailored relief that is effective and aligns with the relief provided by analogous data breach class action settlements.

23. Class Counsel will request 33.33% of the Settlement Fund which is reasonable—especially because Class Counsel undertook this case on a wholly contingent basis which posed the substantial risk of zero recovery.

24. Rule 23(e)(2)(C)(iv) is neutral toward preliminary approval because there is no agreement that requires identification.

25. The Rule 23(e)(2)(D) factor supports preliminary approval because the Settlement treats Class Members equitably.

26. This Settlement treats Class Members equitably—after all, the Settlement provides compensation for Unreimbursed Economic Losses and the *Pro Rata* Cash Payment.

27. Here, continued litigation would present substantial risk because establishing causation and liability is difficult in data breach class actions.

28. IBEW can pay—and has agreed to pay—for the relief provided by the Settlement.

29. The fourth *In re Wireless* factor supports preliminary approval because Class Counsel is not aware of any opposition.

30. The proposed Notice Program satisfies Rule 23 and due process.

31. As evidenced by the robust Settlement, the proposed Class Counsel has provided—and will continue to provide—adequate representation to the Settlement Class.

32. The Strauss Borrelli PLLC resume is attached herein.

Pursuant to 28 U.S.C. § 1746, I declare and sign under penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: May 9, 2025      By: */s/ Cassandra Miller*
                                                          Cassandra Miller (*pro hac vice*)
                                                          STRAUSS BORRELLI PLLC
                                                          One Magnificent Mile
                                                          980 N Michigan Avenue, Suite 1610
                                                          Chicago IL, 60611
                                                          Telephone: (872) 263-1100
                                                          Facsimile: (872) 263-1109
                                                          cmiller@straussborrelli.com

                                                        *Attorneys for Plaintiff and the Settlement Class*

## **CERTIFICATE OF SERVICE**

     I, Cassandra Miller, hereby certify that on May 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 9th day of May, 2025.

                               STRAUSS BORRELLI PLLC

                               By: */s/ Cassandra Miller*
                                    Cassandra Miller (*pro hac vice*)
                                    STRAUSS BORRELLI PLLC
                                    One Magnificent Mile
                                    980 N Michigan Avenue, Suite 1610
                                    Chicago IL, 60611
                                    Telephone: (872) 263-1100
                                    Facsimile: (872) 263-1109
                                    cmiller@straussborrelli.com