**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **RALPH LEAVITT,** <br><br> Plaintiff, <br><br> v. <br><br> **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 1,** <br><br> Defendant. | Case No.: 4:24-cv-01148 |

**ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 42). The Court has reviewed the Motion, the supporting facts and authorities, and the Class Action Settlement Agreement (ECF No. 34-1) entered by Plaintiff and Defendant International Brotherhood of Electrical Workers Local No. 1 ("Defendant" or "IBEW"), and it finds that the Motion should be **GRANTED.** Therefore:

1. The Court, for the purposes of this Final Judgment adopts the defined terms as described in the Settlement Agreement for any term not otherwise defined herein.

2. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court finds that the Settlement Agreement—which provides for a non-reversionary Settlement Fund of $315,000.00 to resolve the claims of the Plaintiff and the Settlement Class—is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

5. The Court reserves jurisdiction over this action and the Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court dismisses with prejudice all claims of the Class against Defendant in this case, without costs and fees except as explicitly provided for in the Agreement.

8. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement and Notice Plan ("Preliminary Approval Order") (ECF No. 34) that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement.

9. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published, and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

10. The Court finds IBEW has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The Court finds that the Class Representative is similarly situated to absent Class Members and is typical of the Class and is an adequate Class Representative, and that Class Counsel and the Class Representative have fairly and adequately represented the Class. The Court

grants final approval to its appointment of Class Counsel and Class Representative as provided in the Preliminary Approval Order, appointing the following firms and individuals as Class Counsel: Cassandra P. Miller of Strauss Borrelli PLLC. The Court also appoints Ralph Leavitt as Class Representative.

12.     The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3): All individuals residing in the United States whose PII may have been compromised in the Data Incident that impacted IBEW in March 2024, including all those individuals who received notice of the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of those judges' immediate families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid request for exclusion prior to the Opt-Out Deadline..

13.     The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or conflicting with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Agreement; having considered Plaintiff's and Class Members' likelihood of success both in maintaining this action as a class action and prevailing on the claims in a data-breach trial, including the possibility that IBEW could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery—and that of the Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiff and Class Counsel have adequately represented the Class;

    b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and IBEW;

    c. the outcome of the Litigation is in doubt;

    d. it is possible that the Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less—including the possibility of receiving nothing—and/or that IBEW could defeat certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

    g. the aggregate consideration for the Class—including both the Settlement Fund, which IBEW shall fund, and other forms of relief IBEW agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement, and

    h.  the terms of the Settlement Agreement treat the Class Members equitably relative to one another and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution to this Litigation.

Accordingly, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members.

15.    Pursuant to the Settlement Agreement and the Plaintiff's Motion for Attorney Fees, Expenses, and Service Awards (ECF No. ▆), the Settlement Fund shall first be used to pay Notice and Administration Expenses; Class Counsel attorneys' fees totaling $105,000.00; Class Counsel's costs and expenses up to $10,000.00; and a Service Award to the Class Representative in the amount of $5,000.00. The Settlement Fund shall next be used to pay Class Members' Unreimbursed Economic Losses up to $10,000.00 and a *Pro Rata* Cash Payment of any remaining funds to each Class Member submitting a Approved Claim.

16.    Plaintiff and Class members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation,

or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**IT IS SO ORDERED.**

Dated: 10-20-2025

Hon. Henry E. Autrey
UNITED STATES DISTRICT COURT JUDGE

4923-1649-8752.2